Michael Jungreis, ABA No. 7711184
mj@reevesamodio.com
Keri-Ann C. Baker, ABA No. 1812129
KBaker@reevesamodio.com
Reeves Amodio LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7100
Attorneys for Alaska Resource Education

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RESOURCE EDUCATION an Alaska Nonprofit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE BRUNNER, and TODD BRUNNER,<br><br>Defendants. | Case No. 3:20-cv-0036 JWS<br><br>**MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** |

### A. <u>Introduction</u>

Plaintiff Alaska Resource Education ("ARE") requests that the Court temporarily restrain and/or enjoin Defendant Michelle Brunner from disposing of, transferring, encumbering, or moving assets pending a hearing on a preliminary injunction to impose the same restriction for the duration of this case.

As detailed in the accompanying affidavits of forensic accountant Deborah Mason and Plaintiff's executive director Ella Ede, Defendant Michelle Brunner has stolen hundreds of

Motion for TRO and/or Preliminary Injunction
Alaska Resource Education v. Brunner et. al
Case No. 3:20-cv-0036-JWS - 1 -
Case 3:20-cv-00036-SLG Document 8 Filed 03/18/20 Page 1 of 9

REEVES AMODIO LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

thousands of dollars from ARE, has transferred this money to herself as well as spending it on herself, and has taken great pains to cover her tracks and destroy evidence of her wrongdoing. She also has a history of such misconduct – as ARE has recently discovered, she has been convicted on two separate occasions of embezzling funds from previous employers, including BP here in Alaska as well as an employer in Arizona, where she currently resides.

Michelle Brunner's history of hiding, and stealing leads to a reasonable presumption that given a chance she will again move assets, that are the subject of ARE's claims for imposition of a constructive trust, making it impossible for ARE to obtain the relief it demands in this action. Given this showing of the likelihood of immediate and irreparable injury, ARE requests that the Court issue a temporary restraining order as described above. Michelle Brunner's interests can then be protected by scheduling a preliminary injunction hearing on an expedited schedule as called for in Rule 65(b)(3), Fed.R.Civ.Pro., at which she can appear and be heard.

### B. <u>Standard for Issuance of Temporary Restraining Order</u>

The standards for issuance of a temporary restraining order are substantially the same as those for issuance of a preliminary injunction.[1] Plaintiff must establish that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."[2]

### C. <u>Plaintiff is Entitled to a Preliminary Injunction.</u>

To determine whether a party is entitled to injunctive relief, Alaska courts apply a "balance of hardships" approach that focuses on three factors:

> 1. The harm to the plaintiff;
> 2. The harm to, or protection of, the defendant; and

---

[1] *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)

[2] *Sierra Forrest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009)(citing *Winter v. NRDC, Inc.,* 555 US 7, 20 (2008)).

Motion for TRO and/or Preliminary Injunction
Alaska Resource Education v. Brunner et. al
Case No. 3:20-cv-0036-JWS - 2 -

REEVES AMODIO LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

        3. The strength of plaintiff's case.[3]

Once plaintiff has met the preliminary threshold of showing irreparable harm, and that defendants will not be unduly harmed by the injunction (or that the harms can be adequately mitigated), plaintiff need only raise serious and substantial questions as to the merits of the case.[4] The "serious and substantial question" standard means that the "issues raised cannot be 'frivolous or obviously without merit.'"[5] On the other hand, where the preliminary injunction will harm the defendant, and the defendant cannot be adequately protected, "a showing of probable success on the merits is required before a temporary restraining order or preliminary injunction can be issued."[6]

    Plaintiff will be irreparably harmed by Brunner's transferring assets out of her name because Brunner used ARE's money to purchase assets and if she is allowed to transfer, hide or otherwise dispose of these assets then ARE will be unable to obtain the money stolen from it. Moreover, ARE's funds are largely obtained through grants and donations so not only will ARE be harmed but the donors that donated money and the education population served by this organization will also be harmed. It is equally apparent that an injunction will cause no harm to Brunner because she was never entitled to the funds she misappropriated.

    Accordingly, Plaintiff need only raise serious and substantial questions going to the merits of the case. In this case, Plaintiff clearly meets this minimal threshold showing and is thus entitled to a

---

[3] *North Kenai Peninsula Road Maintenance Service Area v. Kenai Peninsula Borough,* 850 P.2d 636, 639 (Alaska 1993). *See Keystone Services, Inc. v. Alaska Transportation Comm'n*, 568 P.2d 952 (Alaska 1977) and *Alaska Public Utilities Comm'n v. Greater Anchorage Area Borough*, 534 P.2d 549 (Alaska 1975).

[4] *North Kenai Maintenance Area,* 850 P.2d at 639; *Keystone Services*, 568 P.2d at 954; *A.J. Industries, Inc. v. Alaska Public Service Comm'n*, 470 P.2d 537 (Alaska 1970).

[5] *North Kenai Maintenance Area,* 850 P.2d at 639, *quoting State v. Kluti Kaah Native Village,* 831 P.2d 1270, 1273 (Alaska 1992).

[6] *North Kenai Maintenance Area,* 850 P.2d at 639, *quoting State v. United Cook Inlet Drift Ass'n,* 815 P.2d 378, 378-79 (Alaska 1991).

Motion for TRO and/or Preliminary Injunction
Alaska Resource Education v. Brunner et. al
Case No. 3:20-cv-0036-JWS     - 3 -

REEVES AMODIO LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

preliminary injunction. In fact, as the following discussion demonstrates, Plaintiff satisfies even the more stringent standard of a "probable success on the merits."[7]

### D. Plaintiff Will Suffer Immediate and Irreparable Harm Absent Injunctive Relief

Plaintiff, and every donor who donated to ARE, will be irreparably harmed unless the court issues the requested injunctive relief. No relief, other than an injunction, can protect Plaintiff from harm. Unless the court issues the injunction, Plaintiff will have been denied their ability to recover money stolen by Brunner who has a long history of embezzling from her employers. Upon information and belief, prior employers have not been repaid the money that Brunner stole from them. Without an injunction ARE could be jeopardized. Brunner's decision denied ARE the right use their funds to provide quality education and implement programs pursuant to its mission. Accordingly, irreparable harm is certain absent injunctive relief.

### E. There Will be No Harm to Brunner

Just as clearly, there will be no appreciable harm to Brunner if injunctive relief is granted. To the contrary, rather than suffering harm, Brunner is only required to meet her legal duty by segregating and protecting assets she purchased with stolen funds. Thus, even if this court grants injunctive relief Brunner can still live in the home she owns. Consequently, rather than harm, Brunner will suffer no more than inconvenience from the granting of the requested injunctive relief. As Plaintiff will be irreparably harmed compared to the negligible inconvenience that Brunner will experience, Plaintiff need only raise serious and substantial questions going to the merits of the case.[8]

---

[7] See *A.J. Industries*, 470 P.2d at 540 and *Powell v. City of Anchorage*, 536 P.2d 1228, 1229 nn. 2 and 11 (Alaska 1973).
[8] *Keystone Services*, 568 P.2d at 954; *A.P.U.C. v. Greater Anchorage*, 534 P.2d at 554; and *A.J. Industries*, 470 P.2d 537.

Motion for TRO and/or Preliminary Injunction
Alaska Resource Education v. Brunner et. al
Case No. 3:20-cv-0036-JWS - 4 -

### F. **Plaintiff Has Raised Serious and Substantial Questions Going to the Merits**

There can be no doubt that Plaintiff has raised serious and substantial, "non-frivolous" questions going to the merits. Indeed, Plaintiff has satisfied the more stringent standard of probable success on the merits. This court recently examined a similar employee embezzlement matter and determined that freezing funds was appropriate when the Defendants could be incentivized to make or place stolen funds out of reach if not enjoined.[9] To recover under its fraud claim Plaintiffs must establish "(1) a false representation of fact, (2) knowledge of the falsity of the representation, (3) intention to induce reliance, (4) justifiable reliance, and (5) damages."[10] Alaska Civil Rule 9(b) requires that fraud be "stated with particularity. Alaska R. Civ. Pro. 9(b). However, "this standard is not high."[11] Civil Rule 9(b) "simply requires a claim of fraud to specify the time and place where the fraud occurred; it seeks to prevent conclusory pleading by requiring a complaint to do more than recit[e] without specificity that fraud existed,' but it does not prevent plaintiffs from filing complaints based on available information and belief. [12] Plaintiff has met this heightened standard. Moreover, to prevail on its unjust enrichment claim the Plaintiff need only show that the Defendant has retained a "benefit without compensating plaintiff for its value."[13]

Reviewing the facts alleged in the Complaint, Ms. Mason's Affidavit and this Motion it is clear that Plaintiff not only meets the minimal threshold showing raising serious and substantial questions to the merits of the case but that Plaintiff also meets the stringent standard of demonstrating "probable success on the merits." Accordingly, the Plaintiff is entitled to a preliminary injunction as

---

[9] *Conoco Phillips Alaska, Inc. v. Wright,* 2019 U.S. Dist. Lexis 216765 (U.S. Dist. Alaska December 13, 2019).
[10] *Cornelison v. TIG Ins.*, 376 P.3d 1255 (Alaska 2016).
[11] *Asher v. Alkan Shelter*, LLC, 212 P.3d 772 (Alaska 2009).
[12] *Id.* at 778. (quoting Williams v. Engen, 80 P.3d 745, 750 (Alaska 2003)(alteration in original) (quoting *Law Offices of Vincent Vitale v. Tabbytite,* 942 P.2d 1141, 1147 (Alaska 1997).
[13] *Sparks v. Gusafson,* 750 P.2d 338 (Alaska 1988); *See also, Restatement of the Law of Restitution* § 1 (1937).

Motion for TRO and/or Preliminary Injunction
Alaska Resource Education v. Brunner et. al
Case No. 3:20-cv-0036-JWS         - 5 -
Case 3:20-cv-00036-SLG   Document 8   Filed 03/18/20   Page 5 of 9

the following analysis demonstrates that Plaintiff has raised serious and substantial questions going to the merits and demonstrates the likelihood of success on the merits.

### 1. Brunner Misappropriated Funds

As support for a TRO/Motion for Preliminary Injunction the Plaintiffs submit the affidavit of Debra Mason ("Mason"). ARE hired Mason, a certified public accountant with the firm Thomas, Head & Greisen, PC, to perform a forensic audit of Alaska Resource Education during the period of Brunner's employment with ARE. Mason performed a fraud examination by:

- Conducting numerous Interviews with Ella Ede, Rebecca Toussaint and Shannon Titzel, Alexandra Becker, Beth Klein;

- Analyzing ARE Credit Card Statements and receipts from 2008 through 2017;

- Reviewing ARE Bank Statements from 2008 through 2017;

- Analyzing ARE QuickBooks electronic files and paper copies of printed reports; from 2008 through 2017;

- Reviewing ARE payroll returns, payroll data and paystubs;

- Analyzing vendor invoices and other supporting records;

- Reviewing ARE Minutes and Agendas for Board of Director's meetings;

- Analyzing ARE Minutes and Agendas for Executive Director's meetings;

- Reviewing ARE Federal Tax Returns from 2008 through 2017;

- Analyzing ARE books and records including budgets;

- Reviewing other sources and documents as cited in my report, schedules or attachments.

Motion for TRO and/or Preliminary Injunction
Alaska Resource Education v. Brunner et. al
Case No. 3:20-cv-0036-JWS         - 6 -
Case 3:20-cv-00036-SLG   Document 8   Filed 03/18/20   Page 6 of 9

Through Mason's fraud examination ARE concluded that Brunner misappropriated at least $187,191.96 for her own personal benefit. Mason's affidavit is attached hereto giving detailed analysis of the date, time and mechanism used by Brunner to steal ARE's money.

### 2. Brunner Manipulated Financial Data and Forged Communications

As part of Brunner's long-term strategy to defraud ARE Brunner slowly took control over financial processes and employee communications. Brunner transitioned the bookkeeping functions from an outside independent consultant model to an in-house approach. Brunner then obtained administrative rights to QuickBooks which allowed her to access to all functions of the QuickBooks bookkeeping system. Brunner also gained access to ARE's employees and at least some ARE consultant's email passwords. Brunner then used this information to deliberately conceal her fraudulent behavior from ARE and its board.

As detailed extensively in Mason's attached Affidavit Brunner arranged for the payment of unauthorized payroll and bonuses to herself. Brunner misappropriated at least One Hundred Twenty Seven Thousand Five Hundred Dollars ($127,500) in unauthorized payroll payments from ARE. Brunner was also improperly paid $6,812.00 in two payments disguised as SEP / IRA matching contributions. Brunner miscoded these unauthorized salary payments, bonus, payroll taxes, and SEP / IRA matching contributions in QuickBooks to conceal her fraud and destroyed physical files and deleted emails and files that would have revealed Brunner's fraudulent scheme.

Brunner also arranged for unauthorized direct bank transfers from ARE bank accounts to her personal bank account. In total, Brunner improperly misappropriated at least $38,155 by transferring payments directly from ARE's bank account to her personal bank account. Brunner then coded these payments in QuickBooks incorrectly as charged to Vendors. The only explanation for this behavior and deliberate miscoding is that Brunner intended to hide and conceal her fraud.

Motion for TRO and/or Preliminary Injunction
Alaska Resource Education v. Brunner et. al
Case No. 3:20-cv-0036-JWS  - 7 -
Case 3:20-cv-00036-SLG   Document 8   Filed 03/18/20   Page 7 of 9

REEVES AMODIO LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

Moreover in furtherance of her fraudulent behavior on August 11, 2016, Brunner sent an email from the ARE bookkeeper's email address to Brunner's email address to make it appear that money Brunner had stolen from ARE had actually been approved for payment to Brunner by ARE. The bookkeeper's purported email stated that "effective today a payroll advance equal to one month's salary has been submitted to payroll for processing. You should expect payment in your bank late this evening totaling $5,313.51. The advance will be deducted from your year-end bonus with [which] is scheduled for the final November payroll." Brunner then forwarded the email (she sent from the bookkeeper's email to herself) to her mortgage lender in Arizona. The only explanation for Brunner forging and sending this email from the bookkeeper's email is that Brunner intended to hide and conceal her fraud.

Brunner also sent her lender an email attaching a letter from Alaska Resource Education's board president which Brunner claimed pertained to her recently approved bonus. The letter was dated August 8, 2016 and was completely fabricated by Brunner. ARE did not approve any bonuses or payroll advances and the board president did not write that letter. The only explanation for Brunner fabricating and sending this letter to her lender was to use legitimize the use of ARE money she stole to obtain a mortgage for a house Brunner purchased in Arizona.

## CONCLUSION

Plainly, Plaintiff has raised serious and substantial, non-frivolous issues going to the merits. In fact, Plaintiff has even met the higher threshold of probable success on the merits. Accordingly, the Court should grant Plaintiff a TRO and injunctive relief directing freezing Brunner's assets and preventing Brunner from the transfer of these assets.

Motion for TRO and/or Preliminary Injunction
Alaska Resource Education v. Brunner et. al
Case No. 3:20-cv-0036-JWS - 8 -
Case 3:20-cv-00036-SLG   Document 8   Filed 03/18/20   Page 8 of 9

REEVES AMODIO LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

DATED at Anchorage, Alaska this 18th day of March 2020.

          REEVES AMODIO LLC
          Attorneys Plaintiffs Alaska Resource Education

By:    /s/ Michael Jungreis
      Michael Jungreis, ABA #7711184
      Keri-Ann C. Baker, ABA #1812129

Certificate of Service
I certify that a true and correct copy of the foregoing,
the supporting affidavits of Debra Mason, Ella Ede and
the Proposed Order were served on the following parties by U.S. mail
and/or email this 18th day of March, 2020.

By Mail
Michelle Brunner
17203 N Desert Glen Dr
Sun City West, AZ 85375

Courtesy copy by email to

Michelle Nesbett, Esq.
*Mnesbett@bhb.com*

  /s/ Michael Jungreis

REEVES AMODIO LLC
500 L STREET, SUITE 300
ANCHORAGE, ALASKA 99501-1990
PHONE (907) 222-7100, FAX (907) 222-7199

Motion for TRO and/or Preliminary Injunction
Alaska Resource Education v. Brunner et. al
Case No. 3:20-cv-0036-JWS      - 9 -