# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ALASKA RESOURCE EDUCATION,

    Plaintiff,

    v.

MICHELLE BRUNNER and TODD BRUNNER,

    Defendants.

Case No. 3:20-cv-00036-SLG

## ORDER RE MOTION FOR TEMPORARY RESTRAINING ORDER

Before the Court at Docket 8 is Plaintiff Alaska Resource Education's ("ARE") Motion for Temporary Restraining Order and/or Preliminary Injunction.

In its Complaint, ARE asserts four counts against Michelle Brunner and/or Todd Brunner ("Defendants") including: (1) embezzlement, (2) fraud, (3) unjust enrichment, and (4) constructive trust.[1] ARE asserts that former employee Michelle Brunner misappropriated funds while in its employ.[2] ARE seeks a temporary restraining order with the stated purpose of preventing Defendants from

---

[1] Docket 1 at 23–28, ¶¶ 90–111.

[2] Docket 1 at 2, ¶ 4.

"disposing of, transferring, encumbering, or moving assets pending a hearing on a preliminary injunction to impose the same restriction for the duration of this case."[3]

According to ARE, it employed Ms. Brunner as its executive director from May 12, 2008 until August 23, 2017, when she resigned.[4] In this position, Ms. Brunner had "access to the accounting system, bank accounts, payroll, and credit cards" for ARE and "created and controlled the financial statements provided to the volunteer board."[5] ARE asserts that Ms. Brunner embezzled $127,500 in unauthorized payroll payments,[6] including unauthorized bonus payments,[7] that she wrongfully transferred $38,155 from ARE's bank account to her personal bank account,[8] and that she charged over $26,563 in personal expenses to ARE's credit card.[9] According to ARE, Ms. Brunner forged letters and emails from ARE board members, used fake billing codes, and shredded documents to conceal her

---

[3] Docket 8 at 1.

[4] Docket 1 at 3, ¶ 11; Docket 8-1 at 8, ¶ 40.

[5] Docket 1 at 4, ¶ 12.

[6] Docket 1 at 7, ¶ 32

[7] *See, e.g.*, Docket 1 at 13, ¶ 55.

[8] Docket 1 at 14, ¶ 61.

[9] Docket 1 at 18, ¶ 73.

Case No. 3:20-cv-00036, *Alaska Resource Education v. Brunner, et al.*
Order re Plaintiff's Motion for Temporary Restraining Order
Page 2 of 6
Case 3:20-cv-00036-SLG   Document 10   Filed 03/19/20   Page 2 of 6

actions.[10] ARE alleges that Ms. Brunner used some of the funds in July 2016 to purchase a house with her husband in Arizona.[11]

In an affidavit filed with the motion, ARE's current executive director Ella Ede explains that in May 2018, while reviewing some financials from a fundraising event, she noticed some suspicious charges that prompted her to perform a detailed internal investigation of ARE's finances.[12] Finding other discrepancies, and concluding that Ms. Brunner had been stealing from ARE, she brought her concerns to the Board of Directors.[13] The board hired a law firm, which recommended working with Debra Mason, a certified public accountant.[14] Ms. Mason conducted a fraud examination of ARE's records, and concluded that "there is sufficient evidence to support the conclusion that Brunner misappropriated at least $187,191.96 for her own personal benefit" and that "[t]here are some additional suspicious charges that might reveal additional misappropriation."[15]

Plaintiff now moves for a temporary restraining order and/or preliminary injunction.[16]

---

[10] Docket 1 at 20–21, ¶¶ 77–83.

[11] Docket 1 at 22, ¶ 84.

[12] Docket 8-2 at 1–3, ¶¶ 1, 5–13.

[13] Docket 8-2 at 4, ¶¶ 21–22.

[14] Docket 8-2 at 4, ¶¶ 22–23.

[15] Docket 8-1 at 3–4, ¶ 12.

[16] Plaintiff certifies that it sent its motion and accompanying documents by U.S. mail to

Case No. 3:20-cv-00036, *Alaska Resource Education v. Brunner, et al.*
Order re Plaintiff's Motion for Temporary Restraining Order
Page 3 of 6
Case 3:20-cv-00036-SLG   Document 10   Filed 03/19/20   Page 3 of 6

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 65(b), the Court may issue a temporary restraining order without notice to the adverse party and without holding a hearing only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[17]

## DISCUSSION

Having reviewed Plaintiff's motion for a temporary restraining order ("TRO"), the Court finds that Plaintiff has not satisfied the requirements of Fed. R. Civ. P. 65. Specifically, Plaintiff has not articulated why "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."[18]

---

Ms. Brunner on March 18, 2020, and emailed a local Anchorage attorney a courtesy copy. Docket 8 at 9.

[17] Fed. R. Civ. P. 65(b)(1). In actions brought in federal court based on diversity jurisdiction, Federal Rule of Civil Procedure 65 addresses the procedural aspects of injunctive relief, whereas state law controls whether injunctive relief is appropriate. *See Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643, 647 (9th Cir. 1988).

[18] Fed. R. Civ. P. 65(b)(1)(A).

Case No. 3:20-cv-00036, *Alaska Resource Education v. Brunner, et al.*
Order re Plaintiff's Motion for Temporary Restraining Order
Page 4 of 6

Case 3:20-cv-00036-SLG   Document 10   Filed 03/19/20   Page 4 of 6

The allegations against Ms. Brunner date back to as early as 2011, and she has not worked for ARE since August of 2017.[19] Plaintiff filed the current action against Defendants on February 19, 2020, and served them with the Complaint on February 20, 2020.[20] Therefore, Defendants have been aware of Plaintiff's allegations for nearly a month and Plaintiff has not indicated that Defendants are now likely to suddenly make their funds and assets unavailable such that this Court need issue a TRO before Defendants have an opportunity to be heard.

For these reasons, the Court finds that a temporary restraining order is not warranted on the current record before the Court. However, the Court will schedule a hearing on Plaintiff's motion for a preliminary injunction.

## CONCLUSION

In light of the foregoing, Plaintiff's Motion for a Temporary Restraining Order is DENIED without prejudice. The Court order as follows:

1. A hearing on Plaintiff's Motion for a Preliminary Injunction is scheduled before this Court for **March 27, 2020 at 10:00 a.m.** Any opposition by Defendants to that motion shall be served and filed on or before **March 23, 2020**, and Plaintiff shall serve and file any reply on or before **March 25, 2020**. Due to the coronavirus pandemic, **the Court and all parties shall appear telephonically at this hearing** by calling (877) 402-9753 on a land line, five minutes prior to the hearing, and

---

[19] Docket 1 at 3, ¶ 11 and Docket 1 at 8, ¶¶ 36–37.

[20] Docket 1 and Docket 6.

Case No. 3:20-cv-00036, *Alaska Resource Education v. Brunner, et al.*
Order re Plaintiff's Motion for Temporary Restraining Order
Page 5 of 6
Case 3:20-cv-00036-SLG Document 10 Filed 03/19/20 Page 5 of 6

dialing in with access code 6288202.

2. The following procedure shall govern the hearing on the preliminary injunction motion:

(a) Each party shall be accorded a total of 30 minutes for the presentation of any evidence and argument by counsel.

(b) A party may rely on the affidavits submitted with its motion, opposition or reply in lieu of, or in addition to, the presentation of direct testimony by that witness, but only so long as the affiant is telephonically present at the hearing for cross-examination.

3. Plaintiff shall make all reasonable efforts to immediately serve upon Defendants this order, and a copy of all moving papers, and shall file proof of service thereof.

DATED this 19th day of March, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00036, *Alaska Resource Education v. Brunner, et al.*
Order re Plaintiff's Motion for Temporary Restraining Order
Page 6 of 6
Case 3:20-cv-00036-SLG   Document 10   Filed 03/19/20   Page 6 of 6